UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 08-10656 |
| LEVITRON, L.L.C. | SECTION "B" |
| DEBTOR | CHAPTER 7 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RONALD J. HOF,
CHAPTER 7 TRUSTEE
    Plaintiff

ADV.P. NO. 10-01032

Versus

JACOB CHANDLER,
RONALD SANDERS, and
DEBORAH SANDERS
    Defendants

### **MEMORANDUM OPINION**

    This adversary proceeding came before the court on February 10, 2011 as a trial on the complaint of the Chapter 7 Trustee, Ronald J. Hof ("trustee"), against Jacob Chandler, Ronald E. Sanders, and Deborah Sanders ("defendants"). The complaint alleges breach of contract, fraud and conspiracy to commit fraud, breach of fiduciary duties, and conversion. It seeks to recover, under Section 547 of the Bankruptcy Code, transfers made to the defendants.[1] At the close of the trustee's case-in-chief the defendants made an oral motion for a directed verdict, which this court will treat as a Federal Rule of Bankruptcy Procedure 7052 motion, urging that all causes of action had been perempted or prescribed pursuant to La. R.S. 12:1502.[2] At that time, the court determined that it required further briefing on the peremption issue raised by the defendants, and counsel were instructed to submit briefs addressing the defendants' motion. This opinion will

---

[1] 11 U.S.C. § 547.
[2] Defendants do not rely on or make reference to a similar statute, La. R.S. 12:96, pertaining to actions against directors and officers.

1

address only that legal issue, and counsel will be instructed to submit additional briefs so that the court may decide the remaining factual issues presented in this case.

## I. Background Facts

This controversy centers on several transfers made from the general account of Levitron, L.L.C. ("Levitron"), to the defendants from April 8 to August 1, 2003. Levitron is a limited liability company registered in the state of Louisiana with two owner/members - Levingston Corporation and Douglas Broussard. During all relevant times, defendant Chandler acted as a manager and fiduciary of Levitron pursuant to an operating agreement entered into by him and the owner/members of Levitron. Defendant Ronald Sanders performed work for Levitron and also acted in a fiduciary capacity. Defendant Deborah Sanders is the wife of Ronald Sanders and did not have a fiduciary relationship with Levitron.

On April 8, 2003, Broussard lent $160,000 to Levitron. The funds were placed in the company's general account.[3] From April 8 to August 15, 2003, defendant Chandler wrote a series of checks against the general account to himself, Deborah and Ronald Sanders.

On October 19, 2005, Broussard filed a petition for writ of mandamus in state court against Chandler, Ronald Sanders, and Levitron seeking to compel the turnover of certain company documents. On June 23, 2006, Broussard amended the petition to allege claims of fraud and conspiracy to commit fraud, breach of fiduciary duty, and conversion.

Levitron filed for bankruptcy relief under Chapter 7 on March 28, 2008. The duly appointed Chapter 7 trustee instituted this adversary proceeding on March 28, 2010.

## II. Legal Analysis

The defendants' primary contention is that is that all claims and causes of action by the trustee are perempted or prescribed by Louisiana law because defendants Chandler and Ronald

---

[3] The monies lent by Broussard were the only monies ever placed in Levitron's general account.

Sanders were acting in their capacity as managers and officers of the company when the transfers occurred. Louisiana Revised Statute § 12:1502 provides that as to any "officer, director, shareholder, member, manager, general partner, limited partner, managing partner or other person similarly situated" of business organizations formed under the laws of Louisiana:

> C. No action for damages … for an unlawful distribution, return of an unlawful distribution, or for breach of fiduciary duty, including without limitation an action for gross negligence, but excluding any action covered by the provisions of Subsection D of this Section, shall be brought unless it is filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered, but in no event shall an action covered by the provisions of this Subsection be brought more than three years from the date of the alleged act, omission, or neglect.

> D. No action for damages . . . for intentional tortious misconduct, or for an intentional breach of a duty of loyalty, or for an intentional unlawful distribution, of for acts of omissions in bad faith, or involving fraud, or a knowing and intentional violation of law, shall be brought unless it is filed in a court of competent jurisdiction and proper venue within two years from the date of the alleged act of omission, or within two years from the date the alleged act of omission is discovered or should have been discovered, but in no event shall an action covered by the provision of this Subsection be brought more than three years from the date of the alleged act or omission.

> E. The time limitations provided in this Section shall not be subject to suspension on any grounds or interruption except by timely suit filed in a court of competent jurisdiction and proper venue.

As a preliminary matter, it should be noted that this statute does not cover claims for breach of contract or conversion, causes of action asserted in the complaint. Further, the trustee does not allege, nor has he shown, that Deborah Sanders had any fiduciary relationship with or was a member or shareholder of Levitron. Accordingly, neither the breach of contract claim, the conversion claim, nor any of the claims against Deborah Sanders can be dispensed with by peremption or prescription under the statute. This court's analysis thus proceeds against only Chandler and Ronald Sanders, the defendants who had a fiduciary relationship with Levitron.

### A. Peremption and Prescription

At oral argument, the defendants argued that the statute is peremptive in nature and all claims were extinguished as they were filed more than three years after they arose. In the defendants' post-trial brief filed with this court, however, the defendants no longer rely solely on the argument that the statute is peremptive in nature but also argue that the statute provides for prescriptive periods, which they refer to as three years, that have now run.[4] It is thus not at all clear whether the defendants are relying on prescription, peremption, or both. Therefore, this court will address both peremption and prescription.[5]

Historically, Louisiana law distinguished between prescription and peremption[6]. The Louisiana Supreme Court has explained the distinction in the following terms: "'When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but it is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost.'"[7]

Liberative prescription is "a mode of barring of actions as a result of inaction for a period of time."[8] Liberative prescription merely prevents the enforcement of a right because an individual has delayed in bringing an action. Prescription may be interrupted, renounced, or

---

[4] Defendants' Br. at 8-9.
[5] Because the causes of actions involved were barred either by prescription or peremption when the debtor's Chapter 7 was filed on March 28, 2008, section 108 of the Bankruptcy Code does not come into play.
[6] The Louisiana Civil Code uses the term peremptive period, while common law jurisdictions typically refer to this type of limitation as a statute of repose. *See Stanley v. Trinchard,* 579 F.3d 515, 518 n.3 (5th Cir. La. 2009).
[7] *Brister v. Wray Dickinson Co., Inc.*, 183 La. 562, 565, 164 So. 415, 416 (1935).
[8] La. Civ. Code art. 3447.

suspended.[9] Prescription is subject to the doctrine of *contra non valentum*, which tolls the running of the prescriptive period under certain circumstances.[10]

Peremption, however, is a period of time fixed by law for the existence of a right, and, unless timely exercised, the right is extinguished upon the expiration of the peremptive period.[11] Peremption "may not be renounced, interrupted, or suspended."[12] Accordingly, interested parties must file suit within the applicable peremptive period in order to assert their rights or the right ceases to exist. The doctrine of *contra non valentum* does not apply to peremption and the period begins to run from the date of the act or occurrence.[13] This clear line of demarcation between prescription and peremption drawn by the Louisiana Supreme Court and set forth in the Louisiana Civil Code has become somewhat muddled by recent Louisiana circuit court opinions discussed hereinafter.

An initial reading by this court discloses that La. R.S. 12:1502 provides in two different paragraphs both a prescriptive period and a peremptive period. Subsection C provides that any action for an unlawful distribution, return of an unlawful distribution, or for a breach of fiduciary duty, including an act of gross negligence (excluding any actions covered by subsection D) is barred by the one year prescriptive period and is extinguished by the three year peremptive period. Subsection D provides that any action for intentional tortious misconduct, or for an

---

[9] La. Civ. Code Arts. 3449-51, 3462-66, 3469

[10] *Marin v. Exxon*, 48 So.3d 234, 246-53 (La. 2010) (The doctrine may apply: "(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.") ; *Cole v. Celotex Corp.*, 620 So. 2d 1154, 1156 (La. 1993). *Marin*, the most recent Louisiana Supreme Court case on the doctrine of *contra non valentum* as applied to prevent prescription from running, was a suit for damages to the property of a sugar cane farmer by an oil field operator. *Marin* distinguished *Cole* and the other cases involving medical malpractice actions on the issue of when prescription begins to run. *Marin* at 250, n. 14.

[11] La. Civ. Code Art. 3458.

[12] La. Civ. Code Art. 3461.

[13] *Teague v. St. Paul Fire and Marine Ins. Co.*, 974 So.2d 1266, 1275 (La. 2008).

intentional breach of a duty of loyalty, or for an intentional unlawful distribution, or for acts or omission in bad faith, or involving fraud, or a knowing and intentional violation of law is barred by a two year prescriptive period and is extinguished by the three year peremptive period.

Thus, two things are clear to this court from a plain reading of the subsections: prescription is prescription[14] and is one year if covered by paragraph C and two years if covered by paragraph D. Peremption is peremption and is three years in both subsections. Presumably, up to this point, it is clear that the ordinary rules differentiating prescription and peremption apply.[15]

But doubt is created by subsection E which provides:

> The time limitations provided in this Section shall not be subject to suspension on any grounds or interruption except by timely suit filed in a court of competent jurisdiction and proper venue.

The reference to time limitations not being suspended on any grounds or interruption seems to imply that not even the prescriptive periods, one or two years, are subject to any *contra non valentem* pleas.

This potential confusion is not clarified by the only two Louisiana appellate courts that have addressed the issue as both courts have determined that La R.S. 12:1502 is not strictly peremptive, but, rather, a hybrid liberative prescription and peremption statute in that it provides a liberative prescriptive period that is subject to the qualifications that the prescriptive period is

---

[14] Admittedly, this simplistic reading is contrary to the learned and exhaustive opinion of Judge Lanier in the *Wooley* case discussed *infra,* concluding that "peremption is a species of prescription generally", 14 So.3d 311, 461, and that "the [Act now appearing as La. R.S. 1501 and 1502]…intends 'to provide for prescription.' It does not state that the Act intends to provide for peremption." *Id.*

[15] See discussion of interruption, renunciation, suspension and the doctrine of *contra non valentum*, all of which may be applied to prescription but not peremption, at page 4-5 *supra*.

not subject to interruption or suspension.[16] Further, in no event can any claim be brought after three years from the date of the act, omission, or occurrence.[17]

In *Wooley v Lucksinger*, Judge Lanier of the Louisiana First Circuit Court of Appeals concluded that the Louisiana legislature did not include language that indicated a desire to make the statute peremptive, therefore the statute must be prescriptive in nature and not peremptive as a matter of law.[18] Accordingly, he found that the statute was subject to the discovery rule[19], but, similar to Louisiana medical malpractice claims, "the discovery rule is expressly made inapplicable after three years from the act, omission, or neglect."[20]

In *Suhren v. Gibert*, the Fourth Circuit Court of Appeals both agreed and disagreed with the reasoning in *Wooley*. The court found that the LSA R.S. 12:1502 was a hybrid liberative prescriptive statute that is subject to time limitations that have peremptive attributes.[21] But, the court found that the statute was not subject to *contra non volentum* because the statute explicitly provides that the prescriptive period cannot be suspended or interrupted.[22] Because the prescriptive period was not subject to suspension, the court found that "the time limitations

---

[16] *Wooley v Lucksinger*, 14 So.3d 311, 461 (La. App. 1 Cir. 2008), *cert. granted,* 23 So.3d 951, *cert. granted,* 23 So.3d 952, *cert. granted*, 23 So.3d 953 (2009); *Suhren v Gibert* 2011 La. App. LEXIS 25, *15 (La.App. 4 Cir. Jan. 12, 2011).

[17] It is not clear that either *Wooley* or *Suhren* should be afforded any precedential effect by this court. Even though the extremely in-depth opinion by Judge Lanier of the Lousiana First Circuit Court of Appeals was issued on rehearing on Feb. 13, 2009, the Louisiana Supreme Court has only recently decided the case and did not address the application of La. R.S. 12:1502. *Wooley v. Lucksinger*, 2011 La. LEXIS 706 (2011). Further, the *Suhren v. Gibert* opinion, published March 17, 2011, reaches a different conclusion than that in *Wooley*.

To add to the confusion, there is a similar statute, La. R.S. 12:96, entitled *Actions against directors and officers* that provides one year and two year prescriptive periods for actions against officers and directors for breaches of fiduciary duty, intentional tortious misconduct or intentional breach of fiduciary duty. This statute does not include the three year limitation on actions provided by La. R.S. 12:1502. This statute is not, however, relied upon or even referred to by the parties. *See* n. 2 on page 1.

[18] *Wooley*, 14 So.3d at 461 ("If the legislature had intended for this to be a peremptive statute, it simply could have said so.").

[19] The discovery rule is a recognized exception to prescription under the fourth prong of the doctrine of contra non valentum. *See Carriere v. Jackson Hewitt Tax Serv.*, 2010 U.S. Dist. LEXIS 117270 (E.D. La. Nov. 3, 2010).

[20] *Id*.

[21] Suhren, 2011 La. App. LEXIS at *15-16.

[22] *Id.* at *16

7

contained within this statute do not allow for plaintiffs…to levy claims under the continuous tort doctrine."[23]

While these cases come to similar, but different, results, section 1502(E) makes clear to this court that in no event may a claim be brought after three years from the alleged act, omission, or occurrence. Although the act, omission, or occurrence may be ongoing, a plaintiff is not entitled to extend this three year period simply because the tortious activity is ongoing, but instead must discover and assert his claims no later than three years from the date the activity actually occurred. If a claim is not asserted within three years from the act, occurrence, or omission, the claim is prescribed or preempted – take your choice as to the label - and, time-barred due to inaction.

Regardless of whether the three year period is peremptive, prescriptive, or a hybrid liberative prescriptive period, the claim of the trustee is barred as this court finds that the latest time that the claim could be asserted was August 15, 2006, which is three years from the date the last check at issue in this case was written.[24] The trustee did not institute this proceeding on behalf of the debtor until March 28, 2010. Therefore, the trustee's claim was barred and not timely filed under any theory.

### B. The Doctrine of Relation Back

The trustee argues that, if the claims he asserts have been preempted or prescribed, the doctrine of relation back allows the debtor to "relate back" to a timely filed suit in a court of competent jurisdiction to avoid prescription. Simply put, the trustee argues that this adversary proceeding relates back to Broussard's state court proceedings because it "arises out of the same

---

[23] *Id*. at *15-16.

[24] Because the trustee's claims under either a hybrid liberative prescriptive period subject to peremptive attributes or a strictly peremptive period are both time-barred, this court need not determine whether the statute is prescriptive or peremptive in nature.

transaction or occurrence."[25] The trustee further argues that the claims in this proceeding are the same as those alleged in Broussard's amended petition which was timely filed, thus meeting the requirement in La. R.S. 12:1502 that a suit must be timely filed in a court of competent jurisdiction and venue, which interrupts prescription and peremption. The trustee, however, fails to distinguish between the action brought by Broussard in state court and the action brought in this court by the trustee on behalf of the debtor's estate.

First, the trustee argues that this court should apply Louisiana Code of Civil Procedure Article 1153 to evaluate whether Broussard's amended petition relates back to his original petition. Relation back allows a plaintiff to add new plaintiffs, new defendants, or to amend a petition to add claims that were not prescribed when the original petition was filed.[26] "Amendments that correct or modify the original claim or facts with greater particularity relating to the conduct, transaction, or occurrence set out in an earlier pleading relate back to the date the action was commenced."[27] This is certainly true as to Broussard, the plaintiff in the state court suit. But is it true as to the trustee, the plaintiff in this adversary? This court thinks not.

The doctrine of relation back does not apply in this case because the original pleading filed in this adversary is separate and distinct from the original pleading filed by Broussard in state court. Broussard originally filed a petition for writ of mandamus against Levitron, Chandler and Ronald Sanders in Louisiana state court on October 19, 2005.[28] After discovering that claims might exist, Broussard amended the petition on June 23, 2006 to allege claims for fraud and conspiracy to commit fraud, breach of fiduciary duties, and conversion against the same parties.

---

[25] *See* La. Code Civ. P. Ann. art. 1153.
[26] *See* 1-10 Louisiana Tort Law § 10.04
[27] *Thomas v. Mobil Oil Corp.*, 901 So. 2d 1182, 1185 (La.App. 4 Cir. Apr. 13, 2005)
[28] The original case was filed in the 22nd Judicial District Court for the Parish of St. Tammany in the State of Louisiana and bears case number 2005-14487.

9


Thus, the issue becomes whether the doctrine of relation back applies with respect to the adversary complaint filed in this case and the state court suit in the 22nd JDC.

Importantly, the amended petition in state court did not seek to realign Levitron's position in the case, but preserved Levitron as a defendant in the action. The amended petition also did not seek to realign or substitute Levitron as a plaintiff in the state court action.[29] Despite the trustee's assertion, Broussard did not attempt to bring claims on behalf of Levitron in the amended petition. To the contrary, Broussard, at all times, retained any claims he may have had against Levitron by naming the company as a defendant in both the original and amended petition.

The trustee argues that the claims asserted by Broussard in the state court were also asserted *on behalf of Levitron*. The trustee points to *Andrews v. Wells*, for the proposition that "requiring [an owner] to sue on behalf of a defunct limited liability company…would exalt form over substance."[30] In *Andrews*, the court allowed a managing member to bring claims on behalf of a defunct company in his individual capacity without suing on behalf of the company.[31] This case differs from *Andrews*, however, because unlike the managing member in Andrews, Broussard brought claims on his own behalf *against* Levitron and not on behalf of Levitron. If the trustee's argument were to prevail, it would necessarily lead to the conclusion that Broussard brought claims on behalf of Levitron against Levitron in the state court proceedings. This would lead to a wholly incongruous result.

Accordingly, no claims were asserted on behalf of Levitron prior to the institution of this adversary proceeding. The separate adversary proceeding in this court cannot and does not relate

---

[29] *See Warren v. La. Med. Mut. Ins. Co.*, 21 So. 3d 186, 189 (La. 2008); *Giroir v. South Louisiana Medical Center, Div. of Hospitals*, 475 So. 2d 1040, 1043 (La. 1985).
[30] *Andrew v. Wells*, 368 B.R. 506, 511-12 (Bankr. M.D. La. 2006)
[31] *Id.*

back to the suit filed by Broussard in state court. Because this suit bears no relation to the originally filed state suit, or the amended state court petition, this court finds that the debtor's claims against the defendants were not filed until institution of this adversary proceeding on March 28, 2010. As discussed, *supra*, all claims governed by La. R.S. 12:1502 that may have existed in favor of Levitron were barred no later than August 15, 2006.

### III.     Conclusion

For the foregoing reasons, all claims governed by La. R.S. 12:1502 are time barred under either a prescriptive or peremptive theory. Further, Broussard's June 26, 2006 amended petition in state court did not assert a claim on behalf of the debtor to allow this adversary proceeding to relate back to Broussard's amended or originally filed state court suit. Therefore, the claims for fraud and conspiracy to commit fraud and breach of fiduciary duties are either barred or extinguished under the La. R.S. 12:1502. The claims for breach of contract, conversion, and all claims against Deborah Sanders are allowed to proceed because the statute, by its terms, does not apply. The parties are instructed to file simultaneous briefs addressing the remaining claims as outlined in the order accompanying this memorandum opinion.

New Orleans, Louisiana, September 9, 2011.

Jerry A. Brown
U.S. Bankruptcy Judge

11